# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 50032 | **DATE** | 1/6/2003 |
| **CASE TITLE** | Roper Whitney of Rockford, Inc. vs. TAAG Machinery Co., et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Roper Whitney's motion for summary judgment as to TAAG and T.K.'s counter-complaint

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  For the reasons stated on the reverse Memorandum Opinion and Order, Roper Whitney's motion for summary judgment on TAAG and T.K.'s counter-complaint is denied as to Counts I, II, and that portion of Count V incorporating Counts I and II, and granted as to Counts III, IV, and the remainder of Count V.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | | |
| X | Notices mailed by judge's staff. | number of notices | |
| | Notified counsel by telephone. | JAN - 7 2002 date docketed | 03 |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| /LC | courtroom deputy's initials | 03 JAN -7 AM 8:35 FILED-WD Date/time received in central Clerk's Office | 1-7-03 date mailed notice mailing deputy initials |

# MEMORANDUM OPINION AND ORDER

Plaintiff and counter-defendant, Roper Whitney of Rockford, Inc. ("Roper Whitney"), filed a four-count complaint against defendants and counter-plaintiffs, TAAG Machinery Co. ("TAAG") and T.K. International, Ltd. ("T.K."), for breach of contract and common law fraud and conspiracy. TAAG and T.K. in turn have filed a five-count amended counter-complaint against Roper Whitney for defamation, tortious interference with prospective economic advantage, and violations of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1 et seq. ("UDTPA"), and Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 et seq. ("CFDBPA"). As Roper Whitney is incorporated with its principal place of business in Illinois, TAAG is incorporated with its principal place of business in California, T.K. is a Nevada corporation with its principal place of business in California,[1] and the amount in controversy exceeds $75,000, diversity jurisdiction is proper under 28 U.S.C. § 1332. In a previous order, the court granted summary judgment in favor of TAAG and T.K. on Roper Whitney's complaint. Roper Whitney now has filed a similar motion for summary judgment under Fed. R. Civ. P. 56 as to TAAG and T.K.'s counter-complaint.

In Count I, TAAG and T.K. claim Roper Whitney defamed them on two occasions. The first was when Bradd Marsden, Roper Whitney's Vice-President of Sales and Marketing, sent an e-mail to Dean Anderson, one of TAAG and T.K.'s "independent manufacturer's representatives" (something akin to an independent salesman), that falsely stated "Roper Whitney and other companys [sic] have filed suit against [T.K.] for copy [sic] infringement, misrepresentation, and patent infringement." (As mentioned above, Roper Whitney filed suit against TAAG and T.K. for breach of contract, fraud, and conspiracy, not copyright or patent infringement.) The second instance occurred at a trade show in Dallas, Texas, when someone from Roper Whitney supposedly told Keith Kruysman, the president of a company which at the time distributed T.K.'s machines, that Roper Whitney was suing T.K. for patent and copyright infringement and that it would also sue anyone who sold or distributed T.K.'s products. The e-mail and comments made at the trade show also form, along with some testimony by Anderson about similar comments Roper Whitney allegedly made to other TAAG and T.K. distributors, the basis of the tortious interference claim in Count II.

In its motion for summary judgment, Roper Whitney argues it is entitled to summary judgment on Counts I and II for numerous reasons. Having thoroughly reviewed the record, however, the court disagrees. But rather than take up, point-by-point, each issue Roper Whitney raises, suffice it say that questions of fact preclude summary judgment on these two counts. That said, the court emphasizes TAAG and T.K. have *just barely* staved off summary judgment. While some of their evidence is rather tenuous, other evidence they rely on is simply inadmissible (e.g., Anderson's testimony about what other TAAG and T.K. distributors supposedly told him regarding threats Roper Whitney supposedly made to those distributors is clearly hearsay). Perhaps most glaring, though, is that it appears (from the court's perspective at least) TAAG and T.K. have suffered very minimal damages because of Roper Whitney's conduct. So although Counts I and II are still alive, the court wishes to express its own doubts about TAAG and T.K.'s chances of success should this case ultimately go to trial.

As Count V is merely a request for an injunction and incorporates by reference Counts I and II, the court similarly denies summary judgment as to this portion of Count V.

That leaves Counts III and IV. TAAG and T.K. spend little time defending these counts and the court can dispose of them with dispatch. Both counts, brought under the UDTPA and CFDBPA respectively, rely on the same facts set forth above – i.e., Roper Whitney's false representations about suing TAAG and T.K. for patent and copyright infringement. Both statutes are meant to provide a remedy for disparagement of a product. See Brown & Williamson Tobacco Corp. v. Jacobson, 713 F.2d 262, 274 (7th Cir. 1983). So long as the statements at issue do not disparage the quality of the plaintiff's goods or services, no cause of action will lie under these statutes. See Allcare, Inc. v. Bork, 531 N.E.2d 1033, 1037-38 (Ill. App. Ct. 1988). In this case, the court does not see how accusing TAAG and T.K. of patent and copyright infringement disparaged the quality of their machines. Indeed, at least one federal district court in the Northern District of Illinois has expressly held that a false and potentially defamatory statement made by a counter-defendant that the counter-plaintiff was a patent infringer did not support a claim under the UDTPA because the statement did not "touch[] upon the quality of [the counter-plaintiff's] products." Richard Wolf Med. Instruments Corp. v. Dory, 723 F. Supp. 37, 40-41 (N.D. Ill. 1989). TAAG and T.K.'s only response to this is to say that the false accusation of patent and copyright infringement did affect the value of their products because their distributors would have been scared off at the risk of being sued themselves for selling an infringed product. The court in Bork, however, rejected this exact same theory, when the plaintiff argued that "an allegation of Medicare fraud in the medical supply industry also impugns the services of the person thereby defamed because it will cause third parties not to do business with it." Bork, 531 N.E.2d at 1037. The court explained that such a test would be unworkable because "in almost every case of defamation of a business or businessman it could be alleged that the defamation caused third parties to refrain from dealing with the plaintiff." Id. at 1037-38. The court concluded that the plaintiff's theory would "ultimately blur the line between defamation and commercial disparagement." Id. at 1038. Although the above statements thus may constitute defamation, as the court has already ruled, they do not violate the UDTPA or CFDBPA.

For the reasons stated above, Roper Whitney's motion for summary judgment is denied in part and granted in part. To be clear, all that remains are Counts I, II, and that portion of Count V incorporating Counts I and II. Counts III, IV, and the remainder of Count V are dismissed.

---

[1] In answering Roper Whitney's complaint, T.K. refused to admit Roper Whitney's allegation that Nevada is T.K.'s principal place of business. Then in their counter-complaint, TAAG and T.K. alleged (unhelpfully) that T.K.'s principal place of business is located "outside of Illinois." Normally, such allegations are insufficient to establish the citizenship of a corporation for diversity purposes. See, e.g., Meyerson v. Harrah's East Chicago Casino, 299 F.3d 616 (7th Cir. 2002); Cincinnati Ins. Co. v. Eastern Atlantic Ins. Co., 260 F.3d 742, 747-48 (7th Cir. 2001). Nevertheless, both sides admit in their statements of fact that T.K. does in fact have its principal place of business in California (although in doing so they rely only on their inadequate pleadings), and so the court is satisfied the parties are of diverse citizenship.